ON REHEARING.
Per Curiam.
In the argument filed in support of the petition for a rehearing, counsel have urged one proposition in which they seem to have great confidence and on which they rety for a reversal of the court’s conclusions. We do not deem the matter of vital consequence, nor consider it available to the appellant on this hearing. The point urged respects the sufficiency of the complaint in its statement of a cause of action. Many cases are now cited as they were in the original brief, which sustain the contention that in an *282 action on a policy like that sued on, the pleader should allege the number of members who were associated in the organization subject to assessment, and introduce proof which would tend to show that if an assessment had been levied a sufficient sum would be produced to pay the amount of the certificate. Undoubtedly they are reputable authorities which hold the allegation essential to the statement of a cause of action, and likewise some evidence tending to establish it requisite to proof of the case. There is another line of equal repute which adjudges the allegation of the issuance of the certificate, the performance of the conditions on the part of the insured, coupled with the necessary proof to support the allegations, enough to make out a prima facie ease for the plaintiff, which will put the burden to establish either a deficiency in the number subject .to assessment, or in the amount of funds which would be produced, on the defendant company, in whose possession and under whose control are all the data necessary to make a defense if they see fit to plead such an issue. The principal opinion was not put on this basis, nor was there any extended discussion respecting it, though it cites the leading authorities which support the proposition that the burden is on the defendant company. It was not deemed essential to directly declare our convictions respecting the line which the court would follow in a case where the decision of this particular matter was indispensable. The court inclined to the view that the burden of proof lay with the defendant, who should plead the facts essential to maintain such an issue. Waiving, however, any express declaration on this question, it is not conceived the present case is brought within the scope of either of those lines of authorities, or that any adjudication respecting this particular point need be made. The complaint stated generally the issuance of the certificate, which was set out in hcec verla, and alleged the performance of all the conditions imposed on the defendant, which accords with the requirements of the special rule of pleading respecting contracts prescribed by the code. It also contained an allegation that the sum of *283 $1,500 was due and owing to the plaintiff on the agreement; that no part of it had been paid, though it had been frequently demanded and payment had often been requested of the defendant company. It is important to bear this proposition in mind. According to the abstract, the defendant did not demur to the complaint or take issue on any of its allegations. The defense was a forfeiture and an alleged nonperformance by the plaintiff of a condition precedent, to wit, the payment of the assessments which had been levied on him. The company did not otherwise contest the claim, and, failing to deny the allegations of the complaint, admitted them to be true. Under these circumstances, we have a right to assume that the allegation of a debt due from the company, of the demand and refusal, to be a sufficient statement both of the existence of the requisite number subject to assessment to produce the sum sued for, and to mature the certificate according to its terms, and a refusal on the part of the company to levy any assessment to pay it. Since this is true, we have a right to presume all these matters against the defendant, and to take this allegation-as a sufficient statement of a cause of action, especially after a verdict in the plaintiff’s favor.
This statement of the court’s position was probably not essential to the decision, but it was deemed best to express it, because, in our judgment, it is a complete answer to the argument filed on the petition.
For the reasons stated in the original opinion, and on the basis of the authorities therein cited, the judgment will be affirmed and the opinion will be adhered to.

Affirmed.